Kent *. Weld.

---

## Kent vs. Weld.

The 34th rule of this Court allowing a party under certain circumstances to use in evidence office copies of deeds without proof of execution, is applicable only in actions touching the realty. In all other cases, if one would prove a fact by a deed, he must produce the original and prove its execution — or prove its contents, after showing the loss of the original, or its possession by the adverse party.

This was an action of *assumpsit* for work and labor according to an account annexed to the writ, the principal items of which, were for working out the defendant's highway taxes in *Plymouth,* five years.

The plaintiff founded his claim upon proof of employment to do the work, by one *Norris,* who, he alleged, was the *agent* of the defendant. And to prove the agency, (*Norris* being dead,) among other evidence he introduced the records of deeds, &c. for *Penobscot* county, and read what purported to be a power of

attorney from *Weld* to *Norris,* dated in 1826 — and proved a demand upon the defendant to produce the original. The admission of the record was objected to by the defendant's counsel, but was admitted by *Perham J.* before whom the cause was tried in the Court below. A verdict being returned in favor of the plaintiff, the defendant filed exceptions to the ruling of the Judge, and thereupon brought the case to this Court.

*Kent,* for the defendant, cited *Jackson* v. *Hopkins,* 18 *Johns.* 487; *Pidge* v. *Tyler,* 4 *Mass.* 546; *Worcester* v. *Eaton,* 11 *Mass.* 368; *Dudley* v. *Sumner,* 5 *Mass.* 463; *Cutler* v. *Wise,* 9 *Mass.* 218.; *Worcester* v. *Eaton,* 13 *Mass.* 377; *Andrews & ux.* v. *Hooper,* 13 *Mass.* 472; *Torrey* v. *Fuller,* 1 *Mass.* 523; *Pro. Ken. Purchase* v. *Call,* 1 *Mass.* 483; 1 *Stark. Ev.* 368.

*Stetson,* for the plaintiff, contended that the record was admissible under the 34th rule of this Court, by which office copies of deeds may be read in evidence, without proof of their execution " where the party offering the copy is not a party to the deed, nor claims as heir, nor justifies as servant of the grantee, or his heirs." He insisted also, that the demand made on the defendant for the production of the original, laid a sufficient foundation for the introduction of secondary evidence, and cited *Eaton* v. *Campbell,* 7 *Pick.* 10; *Talman* v. *Emerson,* 4 *Pick.* 162.

PARRIS J. delivered the opinion of the Court.

It was incumbent on the plaintiff, in order to charge the defendant for the labor performed, to prove that it was done under an agreement with him or his agent, or with the knowledge and assent of the defendant, from which a promise might be inferred.

To do this, the plaintiff attempted to show that the labor was performed under the direction of *Norris,* as agent of the defendant, and for whose acts he is answerable; and to prove the agency the copy was admitted as evidence.

It is a general principle of the law of evidence that the party offering to prove a fact by a deed, must produce the original and prove its due execution. This principle is, however, so far relaxed by the 34th rule of this Court as to permit, under certain circumstances, office copies of deeds pertinent to the issue, from the Registry of deeds, to be used, without proof of their execu-

tion, when the party offering such office copy in evidence, is not a party to the deed, nor claims as heir, nor justifies as servant of the grantee, or his heirs. But this is permitted only in actions touching the realty, and for reasons given in *Woodman* v. *Coolbroth,* 7 *Greenl.* 181. In all other cases, the general principle, above alluded to, remains unimpaired, unless it be shewn that the instrument has been lost by time or accident, or is in the possession of the adverse party, in which cases its production may be dispensed with, but its contents and execution must still be proved. 1 *Stark. Ev.* 354.

As the case at bar is not an " *action touching the realty,*" it does not come within the 34th rule of this court above referred to, and consequently an office copy from the Registry of deeds was not properly admissible as evidence.

In the argument of this case, it was contended for the plaintiff, that the copy was admissible because due diligence had been used to produce the original. In the first place, from his own statement in the argument, no such diligence appears to have been used. Although *Norris* is dead, still, inquiry might be made of his representatives; examination might be had of his papers; and the strong presumption is that, by such diligence, the power would be found, if it ever existed. The notice to the defendant to produce it, does not affect the case, inasmuch as the paper is not traced to him, nor from its nature is it presumed to be in his possession. If such an instrument was ever given by *Weld,* clothing *Norris* with power to perform acts so important as giving deeds to convey real estate, and such power was ever executed by *Norris,* he is the person, who is presumed to have it in possession, for his own justification, and for the security of those who contracted with him in his capacity as agent. 1 *Stark. Ev.* 353.

The presumption is, not that the instrument was returned to *Weld,* either by *Norris* or his representatives, but that it remained with *Norris* until his death, and is now to be found among his papers, in the hands of those who are legally entitled to them. Until, therefore, all reasonable inquiry and diligence has been used, in this direction, to obtain the paper, in vain, secondary evidence of its contents could not be admitted. But this was not

the ground taken at the trial. The copy was offered as an office copy from the Registry, under the 24th rule of the Court of Common Pleas, which is similar to the 34th rule of this Court before referred to. It was admitted under that rule. The case does not disclose that any attempt was made to show the loss of the original, or to prove it in the defendant's possession. What influence the copy had upon the jury we have no means of knowing. There might have been evidence sufficient, without it, to prove the agency of *Norris ;* or the question of agency might have been one of doubt, and the copy added as the very weight that turned the scale. Certain it is that the plaintiff deemed it so important as to urge its admission, and he cannot expect us to say it was unimportant in its effect upon the minds of the jury.

The exceptions are sustained. The verdict must be set aside and a new trial be had at the bar of this Court.